# United States Court of Appeals
# for the Fifth Circuit

---

No. 22-10087
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

June 12, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Michael Tremaine Schexnayder,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:19-CR-623-1

---

Before Higginbotham, Graves, and Ho, *Circuit Judges*.

Per Curiam:[*]

Michael Tremaine Schexnayder appeals his convictions for Hobbs Act robbery, carrying and brandishing a firearm during a violent crime, possession of a firearm by a convicted felon, and carjacking. Schexnayder represented himself with standby counsel at a suppression hearing and at trial, where he cross-examined witnesses and made arguments before the

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

court and jury.   Throughout the proceedings Schexnayder frequently invoked sovereign citizen arguments and disputed the court's jurisdiction over him.   Schexnayder argues that he did not receive a fair trial because of the district court's failure to hold a competency hearing.  He also argues that he did not validly waive his Sixth Amendment right to trial counsel.

We consider the following factors relevant to decide whether a competency hearing is necessary: "(1) any history of irrational behavior, (2) the defendant's demeanor at [the proceeding], and (3) any prior medical opinion on competency." *United States v. Messervey*, 317 F.3d 457, 463 (5th Cir. 2002).  All three factors are relevant in determining the need for further inquiry, but one factor, standing alone, may be sufficient.  *See United States v. Flores-Martinez*, 677 F.3d 699, 707 (5th Cir. 2012).  The district court's sua sponte failure to conduct a competency hearing is reviewed for abuse of discretion. *United States v. Davis*, 61 F.3d 291, 303 (5th Cir. 1995).  "Whether reasonable cause exists to put the court on notice that the defendant might be mentally incompetent is left to the sound discretion of the trial court." *Id.* at 304 (internal quotation marks and citation omitted).

All three factors support the district court's decision not to hold a competency hearing or order a psychological examination.  *See Messervey*, 317 F.3d at 463.  First, the district court had before it no evidence of a history of irrational behavior demonstrating reasonable cause to question Schexnayder's competency; no participant in the proceedings alerted the district court to any evidence showing that Schexnayder had a history of disturbed behavior reflecting an inability to understand the criminal proceedings or assist in his defense. *Cf. United States v. Ruston*, 565 F.3d 892, 895, 902, 904 (5th Cir. 2009).  As for Schexnayder's demeanor in pre-trial proceedings, the district court personally observed and interacted with Schexnayder during the hearing on Schexnayder's request to represent himself, and it emphasized that he remained engaged and attentive

No. 22-10087

throughout the hearing and demonstrated his understanding of the proceeding by voicing his objections and opinions regarding the factual and legal matters discussed. *See Faretta v. California*, 422 U.S. 806, 835 (1975). Finally, there was no prior medical opinion establishing reasonable cause to believe that Schexnayder suffered from a mental illness or defect that rendered him unable to understand the nature or consequences of the proceedings or assist in his defense, and his testimony suggested he was competent. *See Flores-Martinez*, 677 F.3d at 707. Therefore, the district court did not abuse its discretion by not holding a competency hearing or ordering a psychological examination. *See id.* at 706.

We review de novo whether a defendant validly waived his Sixth Amendment right to counsel in a criminal trial. *United States v. Mesquiti*, 854 F.3d 267, 271 (5th Cir. 2017). Before permitting a defendant to represent himself, a district court is required to determine whether he has "knowingly and intelligently" decided to forgo counsel and whether his request was clear and unequivocal. *Faretta*, 422 U.S. at 835 (internal quotation marks and citation omitted).

Here, it is undisputed that Schexnayder clearly and unequivocally informed the district court of his desire to represent himself, and the district court accordingly held a *Faretta* hearing to determine whether his waiver of counsel and decision to proceed pro se was knowingly and intelligently made. The record demonstrates that the district court's warnings were consistent with those approved by this court. *See Mesquiti*, 854 F.3d at 274. Further, nothing in the record indicates that Schexnayder did not understand the difficulties of proceeding pro se. *See id.* at 274-75. Thus, Schexnayder's decision to waive his Sixth Amendment right to trial counsel was knowing and intelligent. *See id.*; *Davis*, 269 F.3d at 518.

The district court's judgment is AFFIRMED.